Hawkins, J.,
delivered the opinion of the Court.
This is an action of trespass, brought by Pickens against Sharp et al., to recover damages for an unlawful arrest. There was a verdict and judgment for the plaintiff; from which the defendants appealed to this Court.
The appellants gave bond with security, for the appeal. The judgment as to Sharp has been affirmed by this Court, and the question now is, as to the liability of the surety for the appeal. Sec. 3162 of the Code, provides, that in actions founded upon bonds, etc., the bond for an appeal shall be for the payment of the whole debt, damages and costs, and for the satisfaction of the judgment of the Superior Court.
See 3163 provides, that in all other cases of appeal in suits at law, the bond shall be for damages and costs only, and interest shall be recovered at the rate of six per cent, per annum.
This case belongs to that class of cases referred to in the latter section, in which the plaintiff in error was entitled to his appeal, upon giving his bond with security for the payment of damages and costs only. According to the construction which has been given this section by the profession generally, upon an affirmance of the judgment of the Court below, in this Court, the defendant in error is entitled to a judgment against the surety in the appeal bond, only for the amount of the interest which has accrued upon the judgment below, at the rate of six per cent, per annum, and the costs of the appeal: Caruthers’ Law Suit, sec. 410.
*270 We think the correctness of this construction, may, at first, well have been questioned, but inasmuch as it has been acquiesced in and acted upon by the profession so long, we do .not feel willing or authorized now to declare a different one.
In this case, the judgment of the Circuit Court is for the sum of fifteen hundred dollars. The appeal bond is for the sum of three thousand dollars, double the amount of the judgment'; and the condition of the bond is, that the plaintiffs in error shall well and truly prosecute their appeal with effect, or in case they fail to do so, shall pay and satisfy such judgment as may be awarded against them by this Court. The terms and conditions of the bond are surely broad enough to make the sureties liable for the whole amount of the judgment, upon its affirmance by this Court, provided, it had been taken in compliance with the law.
In the case of The Bank vs. McDowell, administrator, which was a suit against an administrator, before a Justice of the Peace, in which a judgment was rendered against the administrator, from which he appealed to the Circuit Court, where, upon trial, a judgment was rendered against the administrator, to be levied of the goods of the intestate, etc., and also, upon motion, against the surety in the appeal bond for the amount of the judgment and costs, for which an execution was awarded, the condition of the appeal bond was, that the appellant “shall comply with and perform the judgment of said Court;” and the question in this Court was, whether the judgment against the surety was correct.
*271 This Court held, that inasmuch as an administrator was not required to give security for the debt, upon an appeal — and the bond should have been for damages and costs only — therefore, the judgment against the surety for the debt was erroneous; but, upon the authority of the case of Polk vs. Plummer, 2 Hum., 500, it was holden, the illegal provision or condition of the bond would be rejected, and the bond held good for costs and damages: 1 Coldwell, 85.
In the case of Terry vs. Stokely, a decree was pronounced, dismissing the bill. Complainant appealed to this Court. The appeal bond was for the performance of the decree of the Supreme Court. The sureties paid the costs of the appeal, and refused to pay the costs of the cause in the Chancery Court. It was holden, that the surety was only liable for the costs occasioned by the appeal, notwithstanding the terms of the bond, and that no other costs could be lawfully covered by the bond: 3 Yerger. So we are of the opinion, that only the costs and damages incident to the appeal, in this case, constitute the only legal liability of the surety for the appeal, and the bond cannot lawfully cover either the costs of the Circuit Court, or the judgment of that Court.
Judgment will be entered against the plaintiff in error, Sharp, for the judgment of the Circuit Court, with the costs of that Court. Also, against Sharp and the surety for the appeal, for the damages in consequence of the appeal, which is interest at the rate of six per cent, per annum, upon the amount of the judgment of the Circuit Court, from the date of its rendition to this time, together with the costs of the appeal.